Jayson M. Lorenzo, Esq. SBN 216973
jayson@jlorenzolaw.com
Attorney at Law
2111 S. El Camino Real, Ste. 302
Oceanside, CA 92054
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
BRAVO BELLS, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAVO BELLS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ROD JEFFREY KELLY, an individual; CRYSTAL KELLY, an individual; KMA LLC, a Louisiana limited liability company; DOES 1 – 50, inclusive,<br><br>Defendants. | Case No. '26CV6521 JES AHG<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for copyright infringement and for unfair competition arising under the laws of the United States of America, including Title 17, United States Code, § 101, et seq. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, Defendants committed an intentional act in the State of California and in this District, and Defendants expressly aimed their activities at the State of California and this District and have caused harm and injury to Plaintiff within the State of California and in this judicial district.

2. Jurisdiction is conferred upon this Court by Title 28, United States Code § 1338.

3. Venue is proper under Title 28 United States Code § 1400(a) and § 1391.

**PARTIES TO THE ACTION**

4. Plaintiff is a California limited liability company with a principal address of 1818 Peacock Blvd., Ste. H, Oceanside, CA 92056.

5. Based on information and belief, Defendant ROD JEFFREY KELLY is an individual residing in Sterlington, LA (hereinafter "Rod Kelly"). Based on information and belief, Defendant CRYSTAL KELLY is an individual residing in Sterlington, LA (hereinafter "Crystal Kelly").

6. Based on information and belief, Defendant KMA LLC is a Louisiana limited liability company with an address of 10434 US Highway 165 N, Sterlington, LA 71280 (hereinafter "KMA"). KMA also has physical locations and operates out of Riverside County, California.

7. Based on information and belief, Defendants and each of them are the owners of the e-commerce retailers MXBOOTY.COM (hereinafter "MXBOOTY") as

well as other online stores under different names through various other platforms including but not limited to ebay.com and etsy.com. MXBOOTY.COM is an online retailer and marketplace storefront that specializes in biker-themed accessories, motocross gear, and novelty items. Defendants sell directly to consumers nationwide as well as distribute to retailers who resell their products nationwide.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 50, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names (the "Doe Defendants"). Plaintiff will seek leave of Court to amend this complaint to state their true names and capacities when they have been ascertained. Plaintiff is informed and believes on that basis avers that the Doe Defendants are liable to Plaintiff because of their participation in all or some of the acts hereinafter set forth. ROD KELLY, CRYSTAL KELLY, KMA, and the Doe Defendants are referred to collectively herein as "Defendants."

9. Based on information and belief, Defendants market, sell, and ship their products from Louisiana and California, including their motorcycle bells, to several locations within the United States, including the targeted sale of their products to California consumers in this District through online retail channels.

10. Plaintiff is informed and believes on that basis avers that at all times mentioned in this complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

## GENERAL ALLEGATIONS

11. Plaintiff is engaged in the design, manufacture, and sale of bike and motorcycle accessories. Plaintiff is particularly known for its unique biker bells.

12. In addition to its official website and storefront, https://bravobells.net/, Plaintiff markets and sells its products through third party e-commerce platforms such as Amazon and Etsy under its name, Bravo Bells or BravoBells.

13. Plaintiff has several registered copyrights for its bell designs (hereinafter "Bells").

14. Plaintiff's Angel Bell was recorded with the United States Copyright Office and granted the valid copyright registration with an effective date of May 9, 2023, and a date of first publication of June 24, 2018 (U.S. Copyright Registration No. VA 2-353-708).

15. Plaintiff's Heart Wing Bell was recorded with the United States Copyright Office and granted the valid copyright registration with an effective date of May 9, 2023, and a date of first publication of February 27, 2019 (U.S. Copyright Registration No. VA 2-381-140).

16. Plaintiff's Cross Wing Bell was recorded with the United States Copyright Office and granted the valid copyright registration with an effective date of May 9, 2023, and a date of first publication of August 25, 2018 (U.S. Copyright Registration No. VA 2-381-137).

17. Plaintiff's Viking Helmet Skull Bell was recorded with the United States Copyright Office and granted the valid copyright registration with an effective date of May 9, 2023, and a date of first publication of June 24, 2018 (U.S. Copyright Registration No. VA 2-353-710).

18. Plaintiff's Odin Viking God Bell was recorded with the United States Copyright Office and granted the valid copyright registration with an effective date of May 9, 2023, and a date of first publication of November 11, 2021 (U.S. Copyright Registration No. VA 2-352-593).

19. Plaintiff's Eagle Head Bell Sculpture was recorded with the United States Copyright Office and granted the valid copyright registration with an effective date of May 1, 2023, and a date of first publication of June 24, 2018 (U.S. Copyright Registration No. VA 2-363-961).

20. Plaintiff's Motorcycle Angel Bell was recorded with the United States Copyright Office and granted the valid copyright registration with an effective date of

January 29, 2023, and a date of first publication of August 25, 2018 (U.S. Copyright Registration No. VA 2-362-645).

21. Plaintiff is the recorded author, sole claimant, and only named agent with rights and permissions in the Bells. Plaintiff therefore owns all rights, title, and interest to the valid copyright in the Bells.

22. On or about October 2026, Plaintiff discovered Defendants selling counterfeits of the Bells on their websites and online platforms, both for individual purchase and as a wholesale distributor to various Harley and motorcycle shops across the country.

23. Based on the foregoing, Defendant and each of them purposefully directed their activities at this state and District, have sold goods directly into this District and State and/or have sold goods to distributors who they know actively sell and market to this District and State. Defendants have purposefully availed themselves of the privilege of conducting activities in this District.

24. Plaintiff did not grant any exclusive rights, title, or interest in the Bells to Defendants. Plaintiff did not receive any compensation for the use of the Bells, and Plaintiff's own sales have been affected by Defendants' sale of the Bells counterfeits.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

25. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 24 of this complaint.

26. Defendants, and each of them, have infringed upon the Bells created and owned by Plaintiff, for which it has registered copyrights, by using the Bells' designs, reproducing counterfeits of the Bells, and distributing the counterfeit Bells for sale without consent, approval, or license by Plaintiff, and without compensation or credit to Plaintiff.

27. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

28. Defendants' infringement of Plaintiff's Bells has yielded Defendants profits in an amount thus far not determined.

29. Defendants' infringement was willful, deliberate, and was done for the purpose of making commercial use of and profit on Plaintiff's original Bells designs within this Judicial District. Plaintiff is entitled to recover increased damages as a result of such willful infringement.

30. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

31. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Bells. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE, Plaintiff does demand:

A. That, pursuant to 17 U.S.C. § 502(a), Defendants, their agents, servants, employees, and all parties in privity with them be enjoined permanently from infringing Plaintiff's copyrights in any manner, including but not limited to the copying, manufacturing, printing, reprinting, publishing, distributing, selling, promoting, or advertising any copies of the copyrighted work or by causing and/or participating in such manufacture, reprinting, publishing, distributing, selling, promoting, or advertising of others.

B. That, pursuant to 17 U.S.C. § 504(b), Defendants be required to pay to the Plaintiff such actual damages as the Plaintiff may have sustained in consequence of

Defendants' infringement and all profits of Defendants that are attributable to the infringement of Plaintiff's copyrights, in an amount to be proven at trial. Plaintiff requests Defendants account for all gains, profits, and advantages derived by Defendants from their infringement.

C. That, pursuant to 17 U.S.C. § 504(c)(1), Defendants by required to pay an award of statutory damages in a sum of not less than $30,000.00 per work should this statutory remedy be elected.

D. That, the Court finds that Defendants' conduct was committed willfully.

E. That, pursuant to 17 U.S.C. § 504(c)(2), Defendants be required to pay an award of increased statutory damages in a sum of not less than $150,000.00 per work for willful infringement should this statutory remedy be elected.

F. That, pursuant to 17 U.S.C. § 505, Defendants be required to pay the Plaintiff's full costs in this action and reasonable attorney's fees to Plaintiff's attorney.

G. That Defendants' conduct was willful or wanton and done in reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

H. That Plaintiff has other and further relief as this Court may deem just and appropriate under the circumstances.

I. For prejudgment interest according to law.

**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Plaintiff BRAVO BELLS demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1.

Date: November 17, 2026

By:______________________________
JAYSON M. LORENZO
Attorney for Plaintiff